UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>STEPHEN B. NALLEY,<br><br>Debtor.<br><br>ANDREA E .CELLI, ESQ., Standing Chapter 13 Trustee and STEPHEN B. NALLEY,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RENSSELAER, MICHAEL SLAWSON as the Rensselaer County Chief Financial Officer,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 19-11014<br>Chapter 13<br><br>Adversary No. 19- |

ANDREA E. CELLI, ESQ., Standing Chapter 13 Trustee and STEPHEN B. NALLEY, by and through his attorneys, Nolan Heller Kauffman LLP, as and for its Complaint against Defendant, states as follows:

**ALLEGATIONS OF JURISDICTION**

1. Andrea E. Celli, Esq. is the Standing Chapter 13 Trustee ("Trustee") appointed in the Debtor's Chapter 13case.

2. Plaintiff Stephen B. Nalley (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 30, 2019 (the "Petition Date"), commencing the above-captioned case.

3. Upon information and belief, Defendant County of Rensselaer (the "County") and Michael Slawson as the Chief Financial Officer for Rensselaer County Treasurer (the "County CFO") maintain their offices at 1600 7th Avenue, Troy, New York 12180.

4. This is a Complaint to set aside certain conveyances of real property of the Debtor in connection with in rem tax foreclosure proceedings by the County and County CFO pursuant to 11 U.S.C. §§544, 548(a) and 550 and for injunctive relief enjoining the County from transferring the Properties as more fully described herein.

5. The Court has jurisdiction over the bankruptcy case and this adversary proceeding, pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

## FACTUAL ALLEGATIONS

6. The Debtor was the sole beneficiary under the terms of the Last Will and Testament of his father, Stephen Orvis Nalley ("Mr. Nalley").

7. Mr. Nalley died on October 6, 2014 a resident of Rensselaer County. His Last Will and Testament was filed for probate in 2015 and admitted to probate on November 29, 2017 in the Rensselaer County Surrogate's Court and Letters Testamentary were issued to the Debtor on November 29, 2017.

8. Under the terms of Mr. Nalley's will, the Debtor was named as the sole beneficiary.

9. Mr. Nalley was the owner of several parcels of real property including parcels located at 31 Lyons Lake Road, Nassau, New York; 36 Lords Hill Road, Nassau, New York; 2708 U.S. Route 20, Nassau, New York; and 788 U.S. Route 20, Nassau, New York (collectively, the "Properties").

10. The Debtor estimates the value of the respective Properties to be as follows:

| Address | Value |
|---|---|
| 31 Lyons Lake Road, Nassau, New York | $34,142.00 |
| 36 Lords Hill Road, Nassau, New York | $26,074.00 |
| 2708 U.S. Route 20, Nassau, New York; | $31,899.00 |
| 788 U.S. Route 20, Nassau, New York | $52,862.00 |

11.     Upon information and belief, Rensselaer County foreclosed on the Properties as a result of unpaid real property taxes due in the following amounts with respect to each of the Properties:

| Address | Tax Amount Due |
|---|---|
| 31 Lyons Lake Road, Nassau, New York | $5,692.63 |
| 36 Lords Hill Road, Nassau, New York | $4,347.11 |
| 2708 U.S. Route 20, Nassau, New York; | $5,315.92 |
| 788 U.S. Route 20, Nassau, New York | $20,810.54 |

12.     On or about June 29, 2017, the County took title to the Properties under its *in rem* foreclosure proceeding (the "Transfers").

13.     On May 31, 2019, the County caused the Properties to be included in an online auction sale by Collar City Auctions. The auction was held after the Petition Date and in violation of the automatic stay provisions of 11 U.S.C. §362(a).

NH18-2106082335-635315_1.0

14. The value of each of the respective Properties exceeded the amount of the taxes due with respect to each such parcel at the time of the Transfers.

15. At the time of the Transfers, the Debtor was insolvent as his liabilities exceeded the value of his assets.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Fraudulent Conveyance pursuant to New York Debtor & Creditor Law §273)**

16. The Trustee and the Debtor repeat and reallege each of the forgoing allegations as though more fully set forth herein.

17. The Trustee has the rights and powers of, or may avoid any transfer of property of the debtor as a hypothetical lien creditor pursuant to 11 U.S.C. §544.

18. The Debtor has the rights and powers of, or may avoid any transfer of property of the debtor as a hypothetical lien creditor pursuant to 11 U.S.C. §544.

19. The Transfers were made at a time when the Debtor was insolvent.

20. The Transfers were made for less than fair consideration.

21. The Transfers occurred within six years of the Petition Date.

22. As a result, the Transfers constitute conveyances by an insolvent debtor.

23. The Transfers are avoidable pursuant to New York Debtor & Creditor Law §273.

24. The Debtor is entitled to an order pursuant to New York Debtor & Creditor Law §273 avoiding the Transfers.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Fraudulent Conveyance pursuant to Bankruptcy Code §548(a))**

25. The Trustee and the Debtor repeat and reallege each of the forgoing allegations as though more fully set forth herein.

NH18-2106082335-635315_1.0

26. The Trustee has the rights and powers of, or may avoid any transfer of property of the debtor as a hypothetical lien creditor pursuant to 11 U.S.C. §544.

27. Pursuant to 11 U.S.C. §548(a), the Trustee may avoid any transfer of an interest of the debtor in property that was made or incurred on or within 2 years before the Petition Date if the debtor voluntarily or involuntarily- i) received less than reasonably equivalent value in exchange for the transfer; ii) was insolvent on the date of such transfer or became insolvent as a result of such transfer.

28. The Transfers were made within two years prior to the Petition Date.

29. The Transfers were involuntary.

30. The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

31. The Debtor was insolvent at the time of the Transfers, or became insolvent as a result of the Transfers.

32. As a result of the foregoing, the Transfers constitute a fraudulent conveyance pursuant to 11 U.S.C. §548(a)(1)(B).

33. The Debtor is entitled to an order avoiding the Transfers pursuant to 11 U.S.C. §548(a)(1)(B).

34. The Trustee is entitled to an order avoiding the Transfers pursuant to 11 U.S.C. §548(a)(1)(B).

### AS AND FOR A THIRD CAUSE OF ACTION
**(Recovery of Transfer for the Benefit of the Estate pursuant to Bankruptcy Code §550)**

35. The Trustee and the Debtor repeat and reallege each of the foregoing allegations as though more fully set forth herein.

36. 11 U.S.C. §550 provides that, to the extent a transfer is avoided under section 544 or 548 of the Bankruptcy Code the property may be recovered for the benefit of the estate from the initial transferee or any immediate or mediate transferee of the initial transferee.

37. The County is the initial transferee of the Properties.

38. To the extent the Transfers are avoided, The Trustee is entitled to recover the property transferred or the value of such property from the County.

39. To the extent the Transfers are avoided, The Debtor is entitled to recover the property transferred or the value of such property from the County.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Injunctive Relief)

40. The Trustee and the Debtor repeat and reallege each of the foregoing allegations as though more fully set forth herein.

41. Upon information and belief, as a result of the online auction sale of the Properties conducted in violation of the automatic stay provisions of 11 U.S.C. §362(a), the County, though auctioneer Collar City Auctions, has received one or more bids for the purchase and sale of one or more of the Properties.

42. Upon information and belief, the County may accept or reject any bid received by June 25, 2019

43. Contemporaneously with the filing of the within Complaint, the Debtor has filed a motion to extend the automatic stay pursuant to 11 U.S.C. §362(c)(4)(B) beyond the initial 30 day period immediately following the Petition Date.

44. A party seeking a preliminary injunction must show that "he is likely to succeed on the merits; that he is likely to suffer irreparable harm in the absence of preliminary relief; that the

balance of equities tips in his favor; and that an injunction is in the public interest, or alternatively show irreparable harm and either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 825 (2d Cir. 2015)(internal citations omitted).

45. Based upon caselaw originating from this Court, the Debtor is likely to succeed on the merits of his fraudulent conveyance claim.

46. The Debtor has a legal or equitable interest in the Properties and such interest constitutes property of the estate.

47. The Trustee may move to set aside the Transfers as fraudulent conveyances pursuant to 11 U.S.C. §548(a) and recover the Properties for the benefit of the estate pursuant to 11 U.S.C. §550 and such claim constitutes property of the estate.

48. The Debtor may move to set aside the Transfers as fraudulent conveyances pursuant to 11 U.S.C. §548(a) and recover the Properties for the benefit of the estate pursuant to 11 U.S.C. §550 and such claim constitutes property of the estate.

49. In the event that the County is not enjoined from transferring the Properties to purchasers at the online auction sale conducted in violation of the automatic stay, the Debtor will be irreparably harmed in that he will be unable to recover the Properties from those purchasers.

50. Upon information and belief, the Properties' values exceed the amount of real property taxes for which the County sought its in rem foreclosure judgment.

51. The Debtor and his estate will be irreparably harmed as a result of the loss of the value of the Properties.

52. The balance of the equities tips in the Debtor's favor in that the Debtor will lose the value of the Properties if the County is not enjoined from accepting bids from the online auction conducted in violation of the automatic stay and transferring the Properties.

53. In comparison, the County's loss, if any, is nominal as the Debtor must propose a plan to satisfy the unpaid taxes due to the County and remain current on post-petition taxes as they accrue.

54. Granting the injunction is in the public interest as the imposition of the automatic stay is vital to the operation of the Bankruptcy Code and every debtor filing a petition must do so with the assurance that creditors will be held to comply with the stay and abide by their duties as creditors in a bankruptcy proceeding.

**WHEREFORE**, based on the foregoing, the Trustee and the Debtor demand judgment,

a. On the First Cause of Action, an order a order pursuant to New York Debtor & Creditor Law §273 avoiding the Transfers.

b. On the Second Cause of Action, an order avoiding the Transfers pursuant to 11 U.S.C. §548(a)(1)(B).

c. On the Third Cause of Action, an order recovering the Properties from the County for the benefit of the estate or, alternatively, an order recovering the value of the Properties from the County.

d. On the Fourth Cause of Action, injunctive relief enjoining the County's transfer of the Properties to the high bidders for the Properties in the auction conducted in violation of the automatic stay.

e. Such other and further relief as the Court deems just and proper, including Debtor's fees and costs incurred in connection with this action.

Dated: June 19, 2019
Albany, New York

ANDREA E. CELLI, ESQ., Standing
Chapter 13 Trustee

By: _____
Andrea E. Celli, Esq.
*Standing*
*Chapter 13 Trustee*
7 Southwoods Boulevard
Albany, New York 12211
(518) 449-2043
imaec@aol.com

Dated: June 19, 2019
Albany, New York

**NOLAN HELLER KAUFFMAN LLP**

By: _____
Francis J. Brennan, Esq.
*Attorneys for Debtor*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300
*fbrennan@nhkllp.com*

TO:   RENSSELAER COUNTY
      Attn: Carl J. Kempf, III, Esq.
      Rensselaer County Attorney
      1600 7th Avenue
      Troy, New York 12180

NH18-2106082335-635315_1.0